IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL C. TIERNEY, #A0201434, | ) | CIVIL NO. 12-00148 JMS/BMK |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING *IN FORMA* |
| vs. | ) | *PAUPERIS* AND DISMISSING |
| | ) | ACTION |
| NOLAN ESPINDA, CARL FASI, CITY AND COUNTY OF HONOLULU, | ) | |
| Defendants. | ) | |

**ORDER DENYING *IN FORMA PAUPERIS* AND DISMISSING ACTION**

**I. INTRODUCTION**

Before the court is *pro se* Plaintiff Michael C. Tierney's prisoner civil rights Complaint and *in forma pauperis* ("IFP") application. Plaintiff's March 13, 2012 Complaint alleges that Halawa Correctional Facility ("HCF") Warden Nolan Espinda and inmate Carl Fasi violated his constitutional rights in March 2011, when Fasi allegedly assaulted and threatened Plaintiff and Espinda allegedly failed to protect him. ECF No. 1, Compl. at 5-7.

For the following reasons, Plaintiff's IFP application is DENIED and this action is DISMISSED without prejudice to Plaintiff's filing a new action with the $350 filing fee.

## II. DISCUSSION

Plaintiff filed this action on March 13, 2012. ECF No. 1. On March 20, 2012, the court ordered Plaintiff to show cause why he should be allowed to proceed IFP in this action in light of his numerous prior dismissals and apparent 3-strike bar under 28 U.S.C. § 1915(g). ECF No. 4 (Order to Show Cause ("OSC")).

On March 28, 2012, Plaintiff filed a notice of appeal. ECF No. 5. On April 11, 2012, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. ECF No. 10. On April 17, 2012, Plaintiff filed a response to the OSC. ECF No. 12. The court now rules on this matter without a hearing pursuant to Local Rule 7.2(d).

### A. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d. 1113, 1121 (9th Cir. 2005).

"In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. *Andrews* therefore allows the court to raise the § 1915(g) *sua sponte*, and the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not bar pauper status for him. *Id.*

**B.   Plaintiff's Prior Dismissals**

Plaintiff has filed numerous civil actions in this and other federal courts that were dismissed as frivolous or failing to state a claim. *See, e.g., Tierney*, 128 F.3d at 1312 (finding that Plaintiff had three strikes under 28 U.S.C. § 1915(g)); *Tierney v. Clinton*, 1996 WL 310171 (D.C. Cir. May 28, 1996), *aff'g Tierney v. Clinton*, Civ. No. 1:95-01268 UNA (dismissing action as frivolous); *Tierney v. United States*, Civ. No. 11-00082-HG (D. Haw. 2011) (dismissing as frivolous and finding Plaintiff had accrued three strikes); *Tierney v. United States*,

Civ. No. 10-00675-HG (D. Haw. 2010) (dismissing as frivolous and finding Plaintiff had accrued three strikes); and *Tierney v. United States*, Civ. No. 10-00166-HG (D. Haw. 2010).

Several of these actions explicitly informed Plaintiff that they constituted strikes or that he had already accrued three strikes. *See Andrews*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case). The court also notified Plaintiff of these strikes in the OSC. *See* ECF No. 4. Because Plaintiff has three strikes, he may not bring a civil action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The court now turns to that question.

**C.     Plaintiff Fails to Allege Imminent Danger of Serious Physical Injury**

In deciding whether Plaintiff alleges imminent danger of serious physical injury, the court initially examines conditions at the time the suit was filed:

> The PLRA provides that a prisoner with three strikes cannot use IFP status to "*bring* a civil action . . . unless the prisoner *is* under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphases added). The exception's use of the present tense, combined with its concern only with the initial act of "bring[ing]" the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint. In other words, the availability of the exception

> turns on the conditions a prisoner faced at the time the
> complaint was filed, not at some earlier or later time.

*Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007) (internal citation omitted).

But alleging a plausible, ongoing danger will also satisfy this requirement. *Id.* at 1056 (finding, by example, that "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past" satisfies the ongoing danger standard).

Plaintiff alleges in his March 13, 2012 Complaint that on March 26, 2011, while he was incarcerated at HCF, Fasi assaulted him and threatened to infect him with hepatitis and HIV. ECF No. 1, Compl. at 6. Plaintiff was then moved from Fasi's cell in May, 2011, supposedly after Fasi complained about Plaintiff. *Id*. Plaintiff alleges that Fasi, who allegedly worked for Espinda, threatened him again after this time. *Id*. at 7. But as of March 13, 2012, neither Plaintiff nor Fasi were incarcerated at the same institution. Instead, Plaintiff was incarcerated at the Oahu Community Correctional Center ("OCCC");[1] Fasi was incarcerated in Arizona. *See* Compl. at 2; *see also* http://www.vinelink.com (Hawaii Statewide Automated Victim Information and Notification Service).

---

[1] On his March 13, 2012 Complaint, Plaintiff lists his address as "Oahu Community Correctional Ctr."

Clearly, as of March 13, 2012, Plaintiff could not have been in imminent danger of serious harm or injury from Fasi located thousands of miles away. His claim that "I live in fear of Carl Fasi" is at best fanciful. *See Andrews*, 493 F.3d at 1047 n.11. And his claimed fear that "staff will place me in danger again" fares no better under the ongoing danger standard. Plaintiff is housed at OCCC, while Espinda is Warden at HCF, and there is simply no plausible allegation of harm from ongoing practices, whether shown by a continuing practice or a practice that is otherwise obvious. *Id.* Instead, Plaintiff provides only speculation unsupported by any plausible allegation. As such, his claims fail. *Id.*

In his Response to the OSC, Plaintiff alleges no new facts indicating that Fasi posed a threat to him as of March 13, 2012 or since then. Plaintiff simply reiterates that "Inmate Carl Fasi assaulted and threaten to infect Tierney with H.I.V. and hepatitis on 3/26/11 at Halawa Correctional Facility." ECF No. 12 at 1. Because Plaintiff fails to articulate specific facts indicating that any named Defendant is subjecting him to imminent danger from a particular harm, he fails to meet the exception necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

///

///

## III. CONCLUSION

For the reasons set forth above, the court:

(1) DENIES Plaintiff's *in forma pauperis* application;

(2) DISMISSES this action without prejudice for Plaintiff's failure to prepay the $350 filing fee pursuant to 28 U.S.C. § 1914(a);

(3) NOTIFIES Plaintiff that he is barred from proceeding *in forma pauperis* in future federal civil actions or appeals while he is incarcerated pursuant to 28 U.S.C. § 1915(g), without a showing of imminent danger of serious physical injury; and

(4) CERTIFIES that an appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

///

///

///

///

///

(5) The Clerk of Court shall close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 19, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Tierney v. Espinda,* Civ. No. 12-00148 JMS/BMK; Order Denying In Forma Pauperis and Dismissing Action; psas/3 Strikes Ords/DMP/2012/Tierney 12-148 jms (3 stks no imm dng)